IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY COCHRAN,**

    **Plaintiff,**

v.                                   Civil action no. 2:08cv103
                                         (Judge Maxwell)

**DAVID J. NOZICK,**
**JAMES T. MOODY,**
**CHARLES E. STEWART,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On October 14, 2008, the *pro se* plaintiff, a federal inmate incarcerated at FCI Gilmer, initiated this case by filing a "Complaint Pursuant to 60(b)(3)(4)(5) Federal Rules of Civil Procedure Fraud Upon The Court Fraud Void Judgment Discharged Judgment." The matter was docketed as a Declaratory Judgment proceeding. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

It would appear from reference to the Criminal Docket for Case #2:06-cr-111-JTM-PRC-1, available on PACER, that the plaintiff, following a jury trial, was convicted of violating 21 U.S.C. § 841(a)(1), Narcotics-Sell, Distribute, or Dispense Crack Cocaine, A Schedule II Controlled Substance. On January 25, 2008. The United States District Court for the Northern District of Indiana sentenced the plaintiff to imprisonment for a term of 405 months to be followed by a 5 year term of supervised release. The defendant, David J. Nozick, was one of the Assistant United States Attorneys assigned to the case. The defendant, James T. Moody, was the District Judge who presided over the trial and

sentenced the plaintiff. The defendant, Charles E. Stewart, was the attorney appointed to represent the plaintiff.

In his complaint, the plaintiff alleges that each of the defendants committed fraud in a judgment rendered by fraud. As relief, the plaintiff seeks a judgment in his favor against the defendants in the amount of $100,000 in damages for all property lost by the plaintiff while incarcerated due to fraud. In addition, the plaintiff seeks entry of a judgment in his favor for "violation of his Fifth Amendment rights, fraud upon the court, void judgment, and satisfied judgment against the defendants." The plaintiff also seeks an award of reasonable attorney fees and reimbursement of the costs of this action. Finally, the plaintiff seeks injunctive and declaratory relief against the defendants stating "Fraud, Void Judgment, and Satisfied Judgment."

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

0dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The plaintiff styles his action as a "Complaint Pursuant To 60(b)(3)(4 )(5) Federal Rules Of Civil Procedure Fraud Upon The Court Fraud Void Judgment Discharged Judgment." Rule 60(b) of the Federal's Rules of Civil Procedure provides grounds for relief from a final judgment, order, or proceeding. More specifically, this rule states that upon "motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or up applying it prospectively is no longer equitable..."

Without determining whether the plaintiff has filed a complaint stating appropriate grounds for relief, it is clear that this court is not the appropriate venue for this action. Although the plaintiff maintains that the United States District Court for the Northern District of West Virginia is an appropriate venue under 28 U.S.C. § 1391(b)(1) because that is where the plaintiff resides, he clearly misunderstands venue. The statute which the plaintiff cites as granting this court venue, provides

---

[1] Id. at 327.

as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Clearly, the actions giving rise to the plaintiff's complaint occurred in the United States District Court for the Northern District of Indiana. Moreover, the mailing address provided by the plaintiff for each of the defendants is in the State of Indiana. Therefore, the plaintiff has provided no information which would establish that the defendants reside in this district. Accordingly, venue is not appropriate in this Court, and moreover, this Court has no personal jurisdiction over the named defendants.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[2]

---

[2]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. <u>In re Celotex Corp.</u>, 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state."<u>Hanson v. Denckla</u>, 357 U.S. 235, 253, 78 S,Ct. 1228, 2 L.Ed.2d 1283 (1958)<u>see also</u> <u>In re Celotex</u>, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. <u>Id</u>. at 476, 105 S.Ct. 2174.

---

summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4)Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7)Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

With regard to the actions of the defendants, the plaintiff has failed to assert any contact by them with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the information contained in the Complaint, the Court cannot exercise personal jurisdiction over these individuals as any action that took place appears not to have occurred anywhere in West Virginia, and there is no indication that these defendants had any contact with the State of West Virginia.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of venue and personal jurisdiction over the named defendants therein.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: October 27, 2008

  /s/ James E, Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE